UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RHONDA LAGARDE,

        Plaintiff,

v.

                                             Case No. 10-12218
CHASE BANK U.S.A. N.A. and             Honorable Julian Abele Cook, Jr.
CHASE HOME FINANCE LLC

        Defendants.


## ORDER

In a case that was initiated in this Court on June 4, 2010, the Plaintiff, Rhonda Lagarde, filed a complaint in which she contended that the Defendants, Chase Bank U.S.A. N.A. ("CB") and Chase Home Finance LLC ("CHF"), had violated the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617, and the Truth in Lending Act, 15 U.S.C. §§ 1601-1613.

On August 26, 2010, she filed a motion along with a request to the Clerk for the entry of a default judgment as to both Defendants under Fed. R. Civ. P. 55(b) and E.D. Mich. LR 55.2.[1]

---

[1] The Court notes that Lagarde has requested the Clerk - as opposed to a petition to the Court - to enter a default judgment in this case. However, inasmuch as she seeks to obtain the entry of a default judgment in a sum which is "allottable for each violation incurred and the amount deemed just and proper by the Court," her request for action by the Clerk under Fed. R. Civ. P. 55(b)(1) must be rejected. However, Lagarde's pleading will be treated as a request for the entry of a default judgment by the Court pursuant to Fed. R. Civ. P. 55(b)(2).

1

Four days later, she filed a request for the entry of a default as to both Defendants.[2] However, her request was denied because it lacked proof or a statement that the complaint had been served on the Defendants. On September 24, 2010, Lagarde filed a second request for the entry of a default. This request was also rejected by the Clerk whose decision was based on Lagarde's failure to file a return of service of the summons. Currently pending before the Court is Lagarde's motion for the entry of a default judgment.

I.

An entry of default is a prerequisite for the entry of a default judgment. The applicable Local Rule (E.D. Mich. LR 55.2) states that, among other requirements, an affidavit accompanying the request for default judgment must include "[a] statement that a default has been entered because defendant failed to plead or otherwise defend in accordance with Fed. R. Civ. P. 55(a)." E.D. Mich. LR 55.2(d); *see also Johnson v. Dayton Elec. Mfg.*, 140 F.3d 781, 783 (8th Cir. 1998) ("When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."); *Epicenter Strategic Corp. v. Cleveland Constr., Inc.*, No. 04-CV-40278-FL, 2007 U.S. Dist. LEXIS 15971 (E.D. Mich. Mar. 7, 2007) (citation omitted) (entry of default under Fed. R. Civ. P. 55(a) is "a condition precedent to the entry of default judgement under Rule 55(b)").

Although Lagarde's affidavit does state that a default was entered on August 25, 2010, it is procedurally defective because there is no evidence that a default had been entered. Noting that

---

[2] This request was denominated as a request for the Clerk's entry of default. However, Lagarde cited - once again - the rules which govern the entry of a default judgment (i.e., Fed. R. Civ. P. 55(b) and E.D. Mich. LR 55.2) rather than the rules which govern the entry of default (i.e., Fed. R. Civ. P. 55(a) and E.D. Mich. LR 55.1). Nevertheless, her request was properly treated as a petition for the entry of a default under Rule 55(a).

2

Lagarde has failed to satisfy this precondition for the entry of a default judgment, her application for relief must be, and is, denied.

II.

The Court also notes that the rejection of the entry of default was proper here, inasmuch as Lagarde has failed to comply with the requirements for proper service of process. "[T]here must be effective service of process on a defendant before an entry of default can be made." *Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd.*, No. 99-5018, 2000 WL 1257040, at *5 (6th Cir. July 11, 2000) (unpublished table decision); 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2682 (3d ed. 2010) ("Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process.").

In support of her application for a default, Lagarde filed the affidavit of Irene Garrett, who identified herself as the "process server and Public Official in the above-entitled action." In her affidavit, Garrett asserted that each Defendant was served with a summons and the complaint on June 4, 2010 by certified United States Mail.

The Federal Rules of Civil Procedure state that a "summons must be served with a copy of the complaint," Fed. R. Civ. P. 4(c)(1), and that a summons must be signed by the clerk and bear the court's seal, Fed. R. Civ. P. 4(a)(1)(F), (G). However, there is no record that Lagarde ever (1) sought or obtained a summons from the Clerk or (2) received the summons, after it had been returned as executed. Even if a summons had been issued, Lagarde's attempted service by means of certified mail was improper. Any plaintiff who desires to serve pleadings upon a corporation within a judicial district of the United States must do so as follows:

3

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1). Because service was not effected through delivery under Rule 4(h)(1)(B), service will be deemed to have been proper only if it has complied with Rule 4(e)(1), which provides that service may be effected according to "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In applying Rules 4(h)(1)(A) and 4(e)(1) here, the Court looks to those rules that apply to corporations rather than to individuals. *See, e.g.*, *Ashford v. Detroit Transp. Corp.*, No. 09-11273, 2010 U.S. Dist. LEXIS 6988, at *2-4 (E.D. Mich. Jan. 28, 2010) (applying Michigan rules for service on corporations where case was pending in Michigan); *Walker v. Brooke Corp.*, No. 08-CV-14574, 2009 U.S. Dist. LEXIS 50909, at *4-6 (E.D. Mich. June 17, 2009) (applying Michigan and Delaware rules for service on corporations).

Because this Court is located in Michigan and service was attempted by Lagarde (1) in Delaware as to Defendant CB, and (2) in California as to Defendant CHF, the Court will examine the applicable state court rules in Michigan, Delaware, and California.

Rule 2.105(D) of the Michigan Court Rules governs the service of process on corporations and provides that such process may be served by:

> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do

4

> business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Corporation and Securities Bureau if:
>> (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
>> (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>> (c) the corporation's term of existence has expired.

Lagarde's service via certified mail did not comply with the requirements of Rule 2.105(D), as there is no evidence that the limited provisions of Rule 2.105(D)(4) are applicable here. Furthermore, this Court has previously held that service on corporations by registered mail is not authorized under Michigan law. *Walker*, 2009 U.S. Dist. LEXIS 50909, at *6. Therefore, Lagarde's attempted service by certified mail does not comply with the service requirements under Michigan law, and must be declared to be a nullity.

Under the applicable Delaware rules, service of process on a corporation can be effected by (1) service on "any president or head officer residing in the state, or if not, any officer, director or manager of the corporation," Del. Code Ann. tit. 10, § 3111(a); (2) publication in a newspaper in Delaware and the state where the head officer resides, if all officers reside outside the state, Del. Code Ann. tit. 10, § 3111(b); or (3) personal delivery to, or delivery to the dwelling house of, any officer, director, or registered agent in Delaware or leaving service at the corporation's registered office or place of business in Delaware, Del. Code Ann. tit. 8, § 321. Lagarde's attempted service via certified mail does not comply with any of these provisions. Thus, the Court concludes that proper service was not effected as to Defendant CB. *See also Walker*, 2009 U.S. Dist. LEXIS 50909, at *8-9 (attempted service on Delaware corporation through registered mail declared to be

ineffective).

Finally, under the applicable California rule, service may be made on a corporate defendant by (1) delivery to a designated agent or any of several enumerated corporate officers, Cal. Civ. Proc. Code § 416.1; (2) leaving a copy at the defendant's office, dwelling house, or usual place of business, Cal. Civ. Proc. Code § 415.20(a), (b); or (3) first-class mail or airmail, postage prepaid, accompanied by an acknowledgment of receipt form and a return, stamped envelope, Cal. Civ. Proc. Code § 415.30. In the latter case, the California rule sets out a number of procedural requirements, and provides that service is complete on the date the recipient executes the acknowledgment of receipt of summons. *Id.* Thus, while service on the Defendant CHF could be have been effected by mail, it appears that Lagarde failed to comply with the applicable procedural requirements, as there is no evidence that this Defendant ever received, and acknowledged its receipt of, the summons. Thus, the Court declares that proper service was not effected as to the Defendant CHF under California law.

Service of process was thus not perfected with respect to either Defendant under any applicable rule.

### III.

For the reasons that have been outlined above, the Court denies Lagarde's motion for the entry of a default judgment.

IT IS SO ORDERED.

Dated: December 6, 2010             s/Julian Abele Cook, Jr.
     Detroit, Michigan            JULIAN ABELE COOK, JR.
                                       United States District Court Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 6, 2010.

s/ Kay Doaks  
Case Manager
